United States District Court
Southern District of Texas
**ENTERED**
February 14, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BROWN WATER TOWING, VI, INC., *et al*, | § § § § | |
| Petitioners, | § | |
| VS. | § § | CIVIL ACTION NO. 2:17-CV-318 |
| MICHAEL LEE CABLE, | § § | |
| Claimant. | § | ADMIRALTY |

### MEMORANDUM AND RECOMMENDATION TO GRANT PETITIONERS' UNOPPOSED MOTION FOR JUDGMENT BY DEFAULT AGAINST ALL NON-APPEARING CLAIMANTS

This is a maritime limitation of liability action filed pursuant to the provisions of 46 U.S.C. § 30501 *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). Pending is Petitioners' Unopposed Motion for Judgment by Default Against All Non-appearing Claimants. (D.E. 21). The undersigned recommends the motion be **GRANTED** for the reasons set forth below.

**I.    JURISDICTION**

The Court has jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules and 28 U.S.C. § 1333. This case has been referred to the undersigned United States Magistrate Judge for pretrial management and furnishing the District Court with a memorandum and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636. (D.E. 5).

## II. BACKGROUND

On October 10, 2017, Petitioners Brown Water Towing VI, Inc. and Brown Water Marine Services, Inc., as bareboat charterer of the tug Brown Water VII, filed a Complaint and Petition for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, *et seq.* in connection with allegations that the vessel was operated negligently during a voyage which occurred between December 31, 2016 and January 1, 2017. A minor, J.C., allegedly sustained injuries during the voyage. (D.E. 1).

The Court ordered notice to be issued requiring all persons claiming damages arising from the above referenced voyage to file their respective claims with the Clerk of Court on or before January 22, 2018. (D.E. 8). Legal notice appeared in the Corpus Christi Caller–Times on December 20, 2017, December 27, 2017, January 3, 2018 and January 10, 2018. (D.E. 21-1). The only known potential claimant is Michael Lee Cable who filed a claim and answer on December 29, 2017, individually and as guardian of J.C. (D.E. 14). No other person or entity has filed a claim, answer or has otherwise appeared.

## III. DISCUSSION

Petitioners assert they are entitled to a default judgment against all non-appearing claimants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (D.E. 21). Rule 55 of the Federal Rules of Civil Procedure permits the Court to enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise ..." Fed. R. Civ. P. 55. Rule F(5) of the Supplemental Rules mandates:

> (5) Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule ... If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Petitioners fulfilled their obligation to publish notice of the limitation proceeding once a week for four consecutive weeks in the Corpus Christi Caller Times, as required by Supplemental Rule F(4). The notice expressly and clearly stated the deadline for filing a claim and/or answer was January 22, 2018 and that a consequence of failing to file a timely claim and/or answer was default. (D.E. 21-1, p. 3). Although the deadline for filing an appropriate responsive pleading was January 22, 2018, more than three additional weeks have passed since the deadline. The deadline mandated by the Court for filing claims/answers has expired. All potential claimants had more than ample opportunity to otherwise seek leave of court to extend the deadline and file an appropriate responsive pleading. To date, only Michael Lee Cable, individually and as guardian and conservator of J.C., has filed a claim. Under the totality of these circumstances, Petitioners' motion for default against all appearing claimants can and should be granted in its entirety.

**IV.   CONCLUSION**

After carefully reviewing the pleadings and relevant legal authority, the undersigned finds that Petitioners' Motion can be granted without a hearing. The required notice has been given and the time for filing a claim and/or answer has expired. Accordingly, the undersigned RECOMMENDS Petitioners' Unopposed Motion for Judgment by Default Against All Non-appearing Claimants (D.E. 21) be **GRANTED**. It

is further recommended that a default judgment be entered against any and all persons and entities, other than Michael Lee Cable, individually and as guardian and conservator of J.C. The case will otherwise proceed as to Petitioners and Claimant Cable.

Respectfully submitted this 14th day of February, 2018.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).